# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **PHYLLIS CLARK,** on behalf of herself and all similarly situated persons<br><br>Plaintiff,<br><br>v.<br><br>**MAIN STREET ACQUISITION CORP.**<br>c/o National Service Information, Inc., agent<br>145 Baker St<br>Marion, OH 43302<br><br>Defendant. | Civil Action No.:  1:12cv00408<br><br>JUDGE: Hon. Timothy S. Black |

\* \* \*

**First Amended Class Action Complaint Seeking Civil Damages,  Costs and Attorney Fees For Deceptive, Unfair, and Misleading Debt Collection Practices under the Fair Debt Collection Practices Act; with an individual claim; and Jury Demand**

### Introduction

This class action lawsuit is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq) wherein named Plaintiff alleges that Defendant Main Street Acquisition Corp. has engaged in  violations which consist of the intentional filing of false affidavits for the purposes of obtaining judgments against debtors in collection law suits and coercing debtors into paying alleged debts.  Named Plaintiff also brings an individual claim for the same and similar conduct, and for unfairly using requests for admissions known to be unfair and deceptive.

Named Plaintiff herein seeks to represent and have a Civil Rule 23(b)(3) class certified as follows: a class of all persons under the Fair Debt Collection Practices Act (FDCPA) for statutory damages on behalf of all consumers who have been subject to collection law suits or written communications using Main Street's false affidavits, one year previous to the filing of complaint herein through the present date.

### First Claim for Relief –Violations of the Fair Debt Collection Practices Act (Individual Claim)

### Jurisdiction

1. Jurisdiction is conferred on this court by 28 U.S.C. § 1337 and 15 U.S.C. § 1692 k(d).

### Parties

2. Plaintiff Phyllis Clark ("Ms. Clark") is a natural person residing in Crittenden County, Kentucky.  Ms. Clark has also been known as Phyllis Werderer.

3. Defendant Main Street Acquisition Corp. ("Main Street") is a corporation organized under the laws of the State of Nevada.  Upon information and belief, the principal purpose of Main Street is the collection of debts using the mails, telephones and courts; Main Street regularly attempts to collect debts which it acquires or claims it acquires after default.

4. Main Street regularly files collection law suits in the Commonwealth of Kentucky and in the State of Ohio.

5. At all times relevant, Main Street maintained a statutory agent in the State of Ohio.

6. At all times relevant to this case, Main Street was a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### Factual Allegations

7. Prior to September 19, 2011, Ms. Clark had a credit card account which Main Street claims was in default (the "Alleged Debt").

8. Ms. Clark incurred the Alleged Debt for her personal, family or household use.

9. On September 19, 2011, Main Street filed a civil law suit against Ms. Clark in Crittenden District Court in Crittenden County, Kentucky, which was assigned case number 11-C-00136 (the "Collection Suit").

10. Ms. Clark disputed that she owed the Alleged Debt to Main Street.

11. Main Street claimed in the Collection Suit that Main Street was an assignee of the creditor for the Alleged Debt.

12. Upon information and belief, the Collection Suit complaint was drafted and assembled by Main Street's attorneys in Cincinnati Ohio.

13. Main Street attached to the complaint in the Collection Suit an affidavit signed by an agent of Main Street ("the Affidavit"). In the Affidavit, the affiant claimed that he had personal knowledge of the facts stated in the Affidavit and that those facts were "true and correct."

14. Upon information and belief, many of the allegations in the Affidavit were not within the personal knowledge of the Affiant, including:

a. that the facts recited in the Affidavit were electronic business records for the account in question which were made by an employee or representative *of Main Street,* with knowledge of the event or act, and at or near the time of the event or act;

b. that Ms. Clark applied for and used the credit card account issued by HSBC Bank Nevada, N.A.;

c. that Ms. Clark failed or refused to repay the balance due on the credit card account;

d. that HSBC Bank Nevada, N.A. "internally transferred title" to the credit card account to HSBC Card Services (III) Inc. "with a balance of $1,429.24";

e. that "the balance due and owing to" Main Street by Ms. Clark was $1,429.24 plus interest from June 20, 2010 and costs; and

f. that "All credits and offsets to which [Ms. Clark] is entitled have been given" and the last payment made by Ms. Clark was $65.30 on or about October 20, 2009.

15. The Affidavit was signed April 5, 2011, more than five months before the Collection Suit was filed.

16. At the time the Affidavit was signed, Ms. Clark did not owe "costs."

17. At the time the Collection Suit was filed, Ms. Clark did not owe "costs."

18. Upon information and belief, the term "costs" in the Affidavit referred to court costs in a civil collection suit to be filed against Ms. Clark.

19. On or about April 25, 2011, Ms. Clark mailed a letter to Main Street's attorneys in Cincinnati Ohio, stating that she was not aware of entering into any contract or agreement with Main Street and requesting proof of any such agreement or contract.

20. On or about June 30, 2011, one of Main Street's attorneys in Cincinnati Ohio mailed a letter to Ms. Clark in an attempt to collect the Alleged Debt ("the Letter").

21. The Letter had enclosed with it, among other things, a copy of the Affidavit, and indicated to Ms. Clark that the documents enclosed with the Letter verified the Alleged Debt.

22. On or about November 1, 2011, in an attempt to collect the Alleged Debt, Main Street, through its attorneys in Cincinnati Ohio, mailed to Ms. Clark discovery requests in

connection with the Collection Suit, including requests for admissions ("the Requests for Admissions").

23. The Requests for Admissions requested that Ms. Clark admit, among other things, that Ms. Clark had never notified Main Street, prior to the Collection Suit being filed, of any reason why she was not obligated to pay Main Street the amount sued for.

24. The Requests for Admissions requested that Ms. Clark admit that "any accounting statements attached to plaintiff's Complaint or other filing or submission are accurate breakdowns of the balances due and owing for which defendant failed to pay."

25. Main Street's act of signing the Affidavit for use in collecting the Alleged Debt from Ms. Clark was misleading, deceptive and unfair.

26. Main Street's acts of causing the Affidavit to be mailed to Ms. Clark with the Letter, and filed in the Collection Suit were misleading, deceptive and unfair.

27. Main Street's acts of advising its attorneys, the court in the Collection Suit, and Ms. Clark, that Ms. Clark owed "costs" at a time when she did not owe court costs was false, misleading, deceptive and unfair.

28. Main Street's act of mailing the Requests for Admissions to Ms. Clark, when it knew that some of the requests were not true, was misleading, deceptive and unfair.

**Second Claim for Relief –Violations of the Fair Debt Collection Practices Act (Class Action Claim)**

**CLASS ACTION ALLEGATIONS**

29. Plaintiff incorporates by reference all of the above allegations as if fully rewritten herein.

30. The named Plaintiff listed is bringing this action on behalf of herself and other members of a general class of consumers consisting of all persons against whom Main Street brought a legal action in the Commonwealth of Kentucky, within one year prior to the filing of this action, to collect an alleged debt in which an affidavit identical or substantially similar to the Affidavit described above was used in the litigation.

31. This class action claim is made pursuant to the provisions of Rule 23(a) and 23(b)(3) for monetary damages and other relief consistent and subordinate thereto, including costs and expenses of investigation and litigation and attorney fees.

32. The class so represented by named Plaintiff in this action, and of which she is a member, consists of those persons defined above and is so numerous that joinder of individual members is impracticable.

33. There are common questions of law and fact in the action that relate to and affect the rights of each member and the relief sought is common to the entire class.

34. Named Plaintiff's claims are typical of the claims of the class in that the claims of all members depend on a showing of the acts and omissions of Main Street giving rise to the relief sought herein.

35. There is no known conflict between the named Plaintiff and other members of the class with respect to this action, or with respect to the claims for relief herein set forth.

36. Named Plaintiff is a representative party and is able to, and will, fairly and adequately protect the interests of the class.

37. Named Plaintiff's attorneys are experienced and capable in the field of consumer rights and protection and have successfully represented claimants in similar litigation.

38. This action is properly maintained as a class action in that the prosecution of separate actions by individual class and subclass members creates risk of individual adjudications, which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

39. This action is properly maintained as a class action in that the prosecution of separate actions by individual members of the class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Main Street, who is expected to oppose them.

40. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members will be effective and appropriate for the entire class; and all members of the class have a right to damages or other relief which may be readily computed in each case or otherwise readily determined.

41. The identity of each individual member of the class can be ascertained from the books and records maintained by Main Street and from public Court records throughout the Commonwealth of Kentucky.

42. Because many of the persons with whom Main Street has dealt, or who were affected by its activities, may not be aware of their rights, or may not be in a financial position to assert such rights readily, and because relegation of their claims to individual actions would result in a unreasonable multiplicity of suits and a corresponding burden on this

and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. On the second claim for relief, a determination that it is appropriate for class certification and/or class treatment;

b. On each claim for relief, statutory damages as may be awarded by the Court;

c. On each claim for relief, reasonable attorney fees for all services performed by counsel in the prosecution of this claim as provided by law;

d. On each claim for relief, reimbursement for all costs and expenses incurred in connection with the prosecution of these claims;

e. For a trial by jury on all appropriate issues; and

f. For any and all other relief this Court may deem appropriate.

Respectfully submitted,

*/s/Gregory S. Reichenbach*
Gregory S. Reichenbach (Ohio Bar #0077876)
P.O. Box 256
Bluffton, OH  45817
(419) 529-8300
FAX: (419) 529-8310
Email: Greg@ReichenbachLaw.com

*/s/Steven C. Shane*
Steven C. Shane (Ohio Bar #0041124)
P.O. Box 73067
Bellevue, KY 41073
Bellevue, Ky 41073
(859) 431-7800
FAX: (859) 431-3100
Email: shanelaw@fuse.net

Attorneys for Named Plaintiff

CERTIFICATE OF SERVICE

  I hereby certify that on August 16, 2012, I served this document upon the following via the Court's CM/ECF system:

Boyd W. Gentry, Esq.
LAW OFFICE OF BOYD W. GENTRY, LLC
9 West Dayton St.
West Alexandria, Ohio 45381
Email: bgentry@boydgentrylaw.com
Attorney for Defendant

              /s/ Gregory S. Reichenbach
              Gregory S. Reichenbach (Ohio # 0077876)

              One of the Attorneys for Plaintiff