## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: January 27, 2014

Mr. Stephen R. Felson
Law Offices
215 E. Ninth Street
Suite 650
Cincinnati, OH 45202

Mr. Boyd William Gentry
Law Office
9 E. Dayton Street
West Alexandria, OH 45381

Re: Case No. 13-3763, *Phyllis Clark v. Main Street Acquisition Corp.*
Originating Case No. : 1:12-cv-00408

Dear Counsel,

The Court issued the enclosed Opinion today in this case.

Sincerely yours,

s/Linda M. Niesen
Case Manager
Direct Dial No. 513-564-7038

cc: Mr. John P. Hehman
Mr. Gregory Scott Reichenbach
Mr. Steven C Shane

Enclosure

Mandate to issue

<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name:  14a0069n.06

Case No. 13-3763

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| PHYLLIS CLARK, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| MAIN STREET ACQUISITION CORP., | ) | SOUTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellee. | ) | |

FILED
Jan 27, 2014
DEBORAH S. HUNT, Clerk

**O P I N I O N**

BEFORE:  ROGERS, McKEAGUE, and WHITE, Circuit Judges.

**McKeague, Circuit Judge.**  This case involves a debt-collection action under the Fair Debt Collection Practices Act.  Defendant-Appellee Main Street Acquisition Corporation provided an employee's affidavit to the alleged debtor, Plaintiff-Appellant Clark, affirming based upon "personal knowledge" and "business records" that Clark owed $1,429.24 and costs.  Clark argues on appeal that (1) the demand for costs before they had been awarded by a court and (2) the employee's representation that he had "personal knowledge" of Clark's alleged debt, when he in fact relied on records originally created by a third party, violated the Fair Debt Collection Practices Act.  The district court granted summary judgment to Main Street and for the following reasons we **AFFIRM**.

Case No. 13-3763
*Clark v. Main Street Acquisition Corp.*

## I.

In 2006, Plaintiff-Appellant Phyllis Clark ("Clark") opened a credit-card account with Household Bank ("Household"). When Clark later allegedly defaulted, Household sold the account and the right to claim the balance owed to Main Street Acquisition Corp. ("Main Street"). Main Street in turn hired Slovin & Associates Co., L.P.A. ("Slovin") to recover the debt. Slovin informed Clark by letter that she owed Main Street $1,439.26 for her outstanding balance with Household. Clark responded with a letter requesting proof that she owed the debt, and Slovin sent her a packet of information to verify the debt. This packet included a cover letter from Slovin, again indicating the balance due; an affidavit from Jason Harrison, assistant vice president of Main Street, in support of the claim ("Harrison affidavit"); a banking statement from Household; a bill of sale indicating that Main Street had purchased the Household account; and approximately a dozen other pages of account statements and transaction summaries.

The primary sources of contention in the present litigation are three statements from Jason Harrison's affidavit. First, Harrison affirmed that he had "*personal knowledge* of the facts stated herein and they are true and correct." *Id.* at Page ID # 320 (emphasis added). Second, Harrison attested to the following:

> [T]he facts recited herein are based upon the electronic business records of the account in question, which are part of Plaintiff's regular business records. These records are kept by Plaintiff in the regular course of business, and it was the regular course of business of Plaintiff for an employee or representative of Plaintiff, with knowledge of the fact or event recorded, to make the record or to transmit information thereof to be included in such record, and the record was made at or near the time or reasonably soon thereafter.

*Id.* Third, after indicating that Main Street had acquired the account from Household, Harrison indicated "[t]he balance due and owing to Plaintiff by Defendant on the Account is $1,429.24,

- 2 -

Case No. 13-3763
*Clark v. Main Street Acquisition Corp.*

plus interest at the legal rate per annum from June 30, 2010 *and costs*." *Id.* at Page ID # 321 (emphasis added).

After settlement negotiations failed, Slovin filed a collection action in Crittenden County, Kentucky on September 19, 2011, requesting as relief the outstanding balance and costs. Slovin attached as an exhibit to the complaint the same packet provided to Clark, including the Harrison affidavit. The record before us does not indicate the outcome of the Crittenden collection action. Clark subsequently filed a class-action complaint against Main Street and Slovin in the United States District Court for the Southern District of Ohio on May 25, 2012, and she later stipulated to the dismissal of Slovin as a party. On August 16, 2012, Clark filed an amended complaint against Main Street alleging, among other claims, that the corporation had violated the Fair Debt Collection Practices Act ("the Act") by the "intentional filing of false affidavits for the purpose of obtaining judgments against debtors in collection law suits and coercing debtors." R. 13, Amended Comp., Page ID # 54.

Main Street moved for summary judgment and the district court granted the motion on May 24, 2013. As to the claim that the term "costs" was deceptive and unfair, the district court determined that even if the term referred to "court costs," which was unclear, the word choice was immaterial and would not have influenced a consumer's decision to pay a debt. *Id.* at Page ID # 727. As to the second claim that Harrison had falsely represented his personal knowledge of the facts in the affidavit, the district court held that an "affiant's assertion, by itself, that he has personal knowledge based on business records is not a violation of the FDCPA," and that even if this representation was poorly worded, it was not a material violation. R. 33, Order Grant. Summ. J., Page ID # 723, 725. Clark appeals the grant of summary judgment.

Case No. 13-3763
*Clark v. Main Street Acquisition Corp.*

## II.

### A. Standard of Review

Determinations of summary judgment are reviewed *de novo*. See *Minadeo v. ICI Paints*, 398 F.3d 751, 756 (6th Cir. 2005). This "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the party seeking summary judgment has demonstrated the basis for the motion, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists if, when the facts are viewed in the light most favorable to the nonmoving party, "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* (internal citations omitted). Clark argues on appeal that (1) the demand for "costs" violated the Act and (2) Harrison's representation that he had "personal knowledge" of the facts violated the Act. We respond to each argument in turn.

### B. Use of the Term "Costs"

We first address whether the use of the term "costs" violates the Act. The Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692, was passed to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692. At its core, the Act bars "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

    i.  *15 U.S.C. § 1692e; 15 U.S.C. § 1692e(2)(A); 15 U.S.C. § 1692e(10)*

In his affidavit to verify the alleged debt owed by Clark, Harrison attested that "[t]he balance due and owing to Plaintiff by Defendant on the Account is $1,429.24, plus interest at the legal rate per annum from June 30, 2010 *and costs*." R. 24-6, Slovin Resp., Page ID # 321 (emphasis added). The Harrison affidavit was later attached to the Crittenden Complaint as an exhibit, and in the prayer for relief, the Crittenden complaint also requested "costs," as allowed by Kentucky law.

Clark believes the reference to "costs," which had not at the time been awarded by a court or otherwise incurred, violates 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), and 15 U.S.C. § 1692e(10).

- 15 U.S.C. § 1692e provides "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."
- 15 U.S.C. § 1692e(2)(A) prohibits a party from making a "false representation" of the "amount" of any debt.
- 15 U.S.C. § 1692e(10) prohibits a party from using "false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

The claim that Main Street violated each of these provisions offers variations of the same theme. These statutory provisions prohibit a party from making a false representation in connection with a debt, as to the amount of a debt, or to collect a debt.

To assess whether a debt collector's actions are deceptive or unfair, "courts apply an objective test based on the understanding of the least sophisticated consumer." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006) (internal citation and quotation marks omitted). The underlying goal is to protect the "gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008). "[A]lthough this standard protects naive consumers, it also prevents liability for bizarre or idiosyncratic

Case No. 13-3763
*Clark v. Main Street Acquisition Corp.*

interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Id.* at 438–39.

Kentucky Law permits costs to be awarded "as of course to the prevailing party unless the court otherwise directs." Ky. R. Civ. P. 54.04. Thus, the affidavit correctly described Kentucky law when it referred to costs. Obviously, as the district court notes, the costs had not yet been awarded by a court, but neither had interest or the principal amounts, and certainly no argument has been presented that the request for those amounts as "due and owing" was unfair, false, or deceptive. It is "reasonable for a consumer to assume that a case headed to court might involve 'costs'" that had yet to be determined. R. 33, Order Grant. Summ. J., Page ID # 727. *See also Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009) (indicating that a complaint which requested a specific debt amount and "costs of this action" did not falsely describe the amount of debt owed or violate the Act.)[1] Accordingly, the simple request for costs in an unstated amount, where such costs are permitted by state law to the prevailing party, is not a false representation and does not violate 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), or 15 U.S.C. § 1692e(10).

---

[1] We are unpersuaded by Clark's reliance upon two cases from the Seventh Circuit. In *Shula v. Lawent*, 359 F.3d 489, 492–93 (7th Cir. 2004), the debt collector demanded $52.73 for court costs after the debtor had already paid his debt in full and after the case had been dismissed for abandonment, making it impossible for the court to have actually awarded costs. And in *Veech v. Sheeks*, 316 F.3d 690, 692 (7th Cir. 2003), a collection agent sent a letter to an alleged guarantor of a debtor incorrectly stating the amount of the debt by holding the guarantor liable for legal penalties that had not yet been awarded. Both cases stand for the simple proposition that a party cannot include unawarded penalties or specific costs in the "remaining principal balance" of a claimed debt and thereby mislead a debtor. These issues are not at play here.

Case No. 13-3763
*Clark v. Main Street Acquisition Corp.*

      ii.      15 U.S.C. § 1692f

We now turn to the 15 U.S.C. § 1692f and f(1) claims.[2] 15 U.S.C. § 1692f prohibits the "use [of] unfair or unconscionable means to collect or attempt to collect any debt" and f(1) specifically proscribes "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt *or permitted by law*." 15 U.S.C. § 1692f(1) (emphasis added). We have not discovered, nor has Clark identified, a factually similar case, let alone a controlling case, where a court has held that a reference to "costs" in an affidavit or in a state complaint violates § 1692f or f(1).[3] Moreover, as indicated in the prior section, Kentucky law allows prevailing parties to request "costs." *See also*, R. 25, Mem. Opp. Mot. Summ. J., Page ID # 515, n.7 ("Ms. Clark does not allege that including a request for court costs in the prayer of the collection complaint is improper, of course."). Therefore, Main Street's request for costs was in fact "permitted by law." 15 U.S.C. § 1692f(1).

Alternatively, the district court determined as an "undisputed fact" that the "Cardmember Agreement provided that the account user would pay 'court costs . . . and other collection costs related to the default to the extent permitted by law . . . .'" R. 33,

---

[2] Main Street contends that Clark did not raise and therefore waived his § 1692f, f(1) claims. While there might be some basis to the waiver argument, we need not address this concern as we have determined that neither claim has merit.

[3] All of the cases that Clark cites, with the exception of *Barany-Snyder v. Weiner*, 539 F.3d 327 (6th Cir. 2008), involved attempts by debt collectors to collect specific amounts of "costs" or "attorney fees" rather than indeterminate costs like in the present case. *See McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 949 (9th Cir. 2011) (requesting $481.68 in attorney fees); *Allen ex rel. Martin v. La Salle Bank, N.A.*, 629 F.3d 364, 368–69 (3rd Cir. 2010) (requesting $910 in attorney fees); *Shula*, 359 F.3d at 490–91 (demanding $53.74 in court costs). And *Barany-Snyder* is inapplicable as the court determined that there had not been an attempt to collect attorney's fees, and, therefore, there was no f(1) violation. *Barany-Snyder*, 539 F.3d at 336.

Case No. 13-3763
*Clark v. Main Street Acquisition Corp.*

Order Grant. Summ. J., Page ID # 721 (citing R. 24-11, Pls' Res., Page ID # 414), and that "the Plaintiff has failed to present any evidence that she did not agree to pay such costs." *Id.* at 727. Clark argues that the Cardmember Agreement was "generic" and has not been authenticated, but provides no contrary evidence. Thus, the record indicates that costs were also "expressly authorized by the agreement creating the debt." 15 U.S.C. § 1692f(1). Under these circumstances, the request for costs does not constitute an "unfair or unconscionable" means to attempt to collect a debt and does not violate 15 U.S.C. § 1692f or f(1).

    C. "Personal Knowledge"

Clark next argues that Harrison's representation that he had "personal knowledge" of the business records detailing the charges and payments constituted a material violation of the Act. Specifically, Clark takes issue with Harrison's assertion that he had "personal knowledge of the facts stated herein," R. 24-6, Slovin Resp., Page ID # 320, and his statement that:

> [T]he facts recited herein are based upon the electronic business records of the account in question, which are part of Plaintiff's regular business records. These records are kept by Plaintiff in the regular course of business, and it was the regular course of business of Plaintiff for an employee or representative of Plaintiff, with knowledge of the fact or event recorded, to make the record or to transmit information thereof to be included in such record, and the record was made at or near the time or reasonably soon thereafter.

*Id.* at 320. According to Clark, these representations are false because Harrison did not have personal knowledge of the data—Main Street acquired the data from the original lender rather than creating the data itself—and because Harrison did not make the record. We disagree. Harrison's claim of personal knowledge referred to Main Street's business records, which included the original lender's records. Such a statement is permitted by the Act.

Case No. 13-3763
*Clark v. Main Street Acquisition Corp.*

As the district court correctly concluded, Harrison's statements are not inaccurate or misleading. Harrison accessed and reviewed Main Street's records regarding the account at issue and based his affidavit on these files. Thus, his statement that the "facts recited herein are based upon the electronic business records" was truthful, as was his statement that he had "personal knowledge." R. 24-6, Slovin Resp., Page ID # 320. Harrison had "personal knowledge" of the Main Street records.

Even if we assume that Harrison's statement was misleading, the representation was still not material. The least sophisticated consumer understands that lenders and debt collectors will by necessity have to rely on business records that they may not have personally created, especially in an age of automated, computerized transactions. This is why multiple courts, including this circuit, have determined that an affiant's statement of "personal knowledge" regarding a record originally generated by a third party that the attesting party has subsequently reviewed does not violate the Act. *See, e.g.*, *Myers v. Asset Acceptance, LLC*, Case No. 10-4220, 472 F. App'x 395 (6th Cir. July 3, 2012) (holding that an affidavit attesting to have "personal knowledge" of the facts of a debt did not violate the Act); *Manlapaz v. Unifund CCR Partners*, Case No. 08 C 6524, 2009 WL 3015166, *5 (N.D. Ill. Sept. 15, 2009) ("the falsity of [the affiant's] statement that she had personal knowledge of facts that she gleaned from a review of business records is a technicality which would not mislead the unsophisticated consumer."); *Jenkins v. Centurion Capital Corp.*, Case No. 07 C 3838, 2009 WL 3414248, *3 (N.D. Ill. Oct. 20, 2009) (holding that affidavits based on knowledge of record-keeping practices did not violate the Act).

As Harrison had "personal knowledge" of the records, consistent with this circuit's precedent, Harrison's statements were neither misleading nor deceptive.

Case No. 13-3763
*Clark v. Main Street Acquisition Corp.*

### III. CONCLUSION

For the aforementioned reasons, we **AFFIRM** the district court's grant of summary judgment.